Albert N. Kennedy, OSB No. 821429 (Lead Attorney)
  Direct Dial:  503.802.2013
  Facsimile:  503.972.3713
  E-Mail:  albert.kennedy@tonkon.com
Michael W. Fletcher, OSB No. 010448
  Direct Dial:  (503) 802-2167
  Facsimile:  (503) 972-3867
  E-Mail:  michael.fletcher@tonkon.com
TONKON TORP LLP
888 SW Fifth Avenue, Suite 1600
Portland, OR 97204-2099

   Attorneys for Debtor

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>Western Communications, Inc.,<br><br>Debtor. | Case No. 19-30223-tmb11<br><br>**DEBTOR'S MOTION FOR ORDER TO EMPLOY TONKON TORP LLP AS ATTORNEYS FOR DEBTOR** |

Western Communications, Inc., debtor and debtor-in-possession ("Debtor"), moves this Court for entry of an order approving the employment of Tonkon Torp LLP ("Tonkon Torp") as Chapter 11 counsel for Debtor. Debtor makes this Motion pursuant to 11 U.S.C. § 327 and Federal Rule of Bankruptcy Procedure 2014. In support of this Motion, Debtor states as follows:

1.      On January 22, 2019 (the "Petition Date"), Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code.

2.      Debtor has continued in possession of its property and is continuing to operate and manage its business as debtor-in-possession pursuant to Sections 1107(a) and 1108 of Title 11 of the United States Code.

**Page 1 of 6** -   DEBTOR'S MOTION FOR ORDER TO EMPLOY TONKON TORP LLP AS ATTORNEYS FOR DEBTOR

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

4. No request has been made for the appointment of a trustee or examiner, and no official committee of unsecured creditors has been appointed in Debtor's case at this time.

5. Debtor is an Oregon corporation headquartered in Bend, Oregon.

6. Debtor is a small market newspaper, niche publishing, printing and digital media company with publications spread throughout Oregon (five publications) and California (two publications). Debtor produces and publishes the Bend Bulletin, the Baker City Herald, the La Grande Observer, the Redmond Spokesman, the Brookings Curry Coastal Pilot, the Crescent City Daily Triplicate, and the Sonora Union Democrat. Debtor is committed to community journalism and believes in the invaluable role and responsibility of community newspapers.

7. Debtor desires to retain and employ Tonkon Torp as counsel in this Chapter 11 case, pursuant to Section 327 of the Code, to represent Debtor in all aspects of its reorganization, on the terms and subject to the conditions described below.

8. Debtor believes Tonkon Torp is well suited for this representation. Tonkon Torp has experience in all aspects of the law that may arise in this Chapter 11 case. In particular, Tonkon Torp has substantial bankruptcy and restructuring, corporate, finance, litigation, real estate, land use, regulatory, labor, and tax expertise.

9. Debtor is informed that Albert N. Kennedy and Michael W. Fletcher, the attorneys at Tonkon Torp primarily involved in this Chapter 11 case, are admitted to practice before this Court and that they have read Local Bankruptcy Rule 2016.

**Page 2 of 6** - DEBTOR'S MOTION FOR ORDER TO EMPLOY TONKON TORP LLP AS ATTORNEYS FOR DEBTOR

Tonkon Torp LLP
888 SW Fifth Ave., Suite 1600
Portland, OR 97204
503.221.1440

Case 19-30223-tmb11    Doc 16    Filed 01/22/19

10. The services to be performed by Tonkon Torp are necessary in order for Debtor to perform its duties as debtor-in-possession. Subject to the control of and further order of the Court, Tonkon Torp intends to render the following services to Debtor:

  a. Advise Debtor of its rights, powers, and duties as a debtor and debtor-in-possession continuing to operate and manage its business and property under Chapter 11 of the Code;

  b. Take all actions necessary to protect and preserve Debtor's bankruptcy estate, including the prosecution of actions on Debtor's behalf, the defense of any action commenced against Debtor, negotiations concerning all litigation in which Debtor is involved, objections to claims filed against Debtor in this bankruptcy case, and the compromise or settlement of claims;

  c. Advise Debtor concerning, and prepare on behalf of Debtor, all necessary motions, memoranda, responses, complaints, answers, orders, notices, reports, and other papers, and review all financial and other reports required of Debtor as debtor-in-possession in connection with administration of this Chapter 11 case;

  d. Advise Debtor with respect to, and assist in the negotiation and documentation of, financing agreements, debt and cash collateral orders, and related transactions;

  e. Review the nature and validity of any liens asserted against Debtor's property and advise Debtor concerning the enforceability of such liens;

  f. If appropriate, prepare, conduct, and assist with the sale of Debtor and/or its property through 11 U.S.C. § 363;

  g. Advise Debtor regarding (i) its ability to initiate actions to collect and recover property for the benefit of its estate; (ii) any potential property dispositions; and (iii) executory contract and unexpired lease assumptions, assignments, and rejections, and lease restructuring and recharacterizations;

**Page 3 of 6** - DEBTOR'S MOTION FOR ORDER TO EMPLOY TONKON TORP LLP AS ATTORNEYS FOR DEBTOR

Tonkon Torp LLP
888 SW Fifth Ave., Suite 1600
Portland, OR 97204
503.221.1440

Case 19-30223-tmb11    Doc 16    Filed 01/22/19

h. If appropriate, negotiate with creditors concerning a Chapter 11 plan; prepare the plan, disclosure statement, and related documents; and take the steps necessary to confirm and implement the plan, including, if necessary, negotiations for financing the plan; and

i. Provide such other legal advice or services as may be required in connection with this Chapter 11 case.

11. Subject to Court approval, Debtor has agreed to compensate Tonkon Torp on an hourly basis in accordance with Tonkon Torp's ordinary and customary hourly rates in effect on the date services are rendered. The Tonkon Torp professionals who will be primarily responsible for providing these services, their status and their billing rates are as follows:

| Name | Status | Hourly Rate |
|---|---|---|
| Albert N. Kennedy | Partner | $585.00 |
| Michael W. Fletcher | Partner | $440.00 |
| Spencer Fisher | Paralegal | $195.00 |

12. From time to time, other Tonkon Torp attorneys and paralegals may also render services to Debtor in order to take advantage of specialized skills or expertise, to meet the demands of the case schedule, or for other appropriate reasons. Debtor has agreed that Tonkon Torp will also be compensated for the services of these professionals at their usual and customary hourly rates.

13. Tonkon Torp has not agreed to any variations from, or alterations to, its standard or customary billing arrangements for this engagement.

14. None of the Tonkon Torp professionals included in this engagement have varied their rate based on the geographic location of this bankruptcy case.

15. Tonkon Torp is billing Debtor at the same effective rates that it billed prepetition.

**Page 4 of 6** - DEBTOR'S MOTION FOR ORDER TO EMPLOY TONKON TORP LLP AS ATTORNEYS FOR DEBTOR

Tonkon Torp LLP
888 SW Fifth Ave., Suite 1600
Portland, OR 97204
503.221.1440

Case 19-30223-tmb11    Doc 16    Filed 01/22/19

16. Tonkon Torp will maintain detailed, contemporaneous time records of expenses incurred with the rendering of legal services described above by category and nature of services rendered.

17. As disclosed in the Rule 2014 Verified Statement for Professional filed herewith, prior to the filing of the bankruptcy petition, Tonkon Torp received funds from Debtor and applied these funds for prepetition services and costs rendered prior to the filing of the bankruptcy. The remaining balance is held as a retainer. The total cost of legal services prior to the filing of the Petition, and payments for those services, are disclosed on the attached Rule 2014 Verified Statement for Proposed Professional.

18. Within the 12-month period preceding the Petition, Tonkon Torp provided legal services to Debtor other than preparing this bankruptcy filing.

19. Debtor agrees and understands that Tonkon Torp has reserved the right to withdraw as counsel to Debtor, and Debtor hereby consents to such a withdrawal, in the event it becomes apparent Tonkon Torp will not be paid for its services. Debtor also recognizes that professional fees and costs incurred by Tonkon Torp are subject to approval by the Court after review of fee motions filed by Tonkon Torp.

20. To the best of Debtor's knowledge, the partners and associates of Tonkon Torp do not have any connection with Debtor, its creditors, any other party-in-interest, or their respective attorneys or accountants, except as stated in the Rule 2014 Verified Statement of Proposed Professional.

21. A proposed Order Authorizing Employment of Tonkon Torp LLP as Attorneys for Debtor is attached as **Exhibit 1**.

For the reasons stated in this Motion, Debtor requests that the Court enter an order authorizing it to employ Tonkon Torp to represent Debtor as its general counsel in this Chapter 11 case as of the Petition Date, with compensation and reimbursement of expenses to be paid as an administrative expense in such amounts as may be allowed by this Court

**Page 5 of 6** - DEBTOR'S MOTION FOR ORDER TO EMPLOY TONKON TORP LLP AS ATTORNEYS FOR DEBTOR

Tonkon Torp LLP
888 SW Fifth Ave., Suite 1600
Portland, OR 97204
503.221.1440

Case 19-30223-tmb11    Doc 16    Filed 01/22/19

after notice and hearing pursuant to Section 330 of the Bankruptcy Code or as otherwise provided by Court order.

DATED this 22nd day of January, 2019.

TONKON TORP LLP


By */s/ Albert N. Kennedy*
Albert N. Kennedy, OSB NO. 821429
Michael W. Fletcher, OSB No. 010448
Attorneys for Debtor

Page 6 of 6 - DEBTOR'S MOTION FOR ORDER TO EMPLOY TONKON TORP LLP AS ATTORNEYS FOR DEBTOR

# EXHIBIT 1

## PROPOSED FORM OF ORDER

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>Western Communications, Inc.,<br><br>                Debtor. | Case No. 19-30223-tmb11<br><br>**ORDER GRANTING DEBTOR'S MOTION FOR ORDER TO EMPLOY TONKON TORP LLP AS ATTORNEYS FOR DEBTOR** |

THIS MATTER having come before the Court upon Debtor's Motion for Order to Employ Tonkon Torp LLP as Attorneys for Debtor [ECF No. \_\_\_\_] filed by Western Communications, Inc. ("Debtor"), and the Court being duly advised in the premises and finding good cause; now, therefore,

IT IS HEREBY ORDERED that:

1. The Motion is granted.

2. In accordance with Bankruptcy Code Section 327(a), Debtor is authorized to retain and employ Tonkon Torp as its general counsel in all matters in the above Chapter 11 case as of the Petition Date to perform all of the services set forth in the Motion, on the terms set forth in the Motion.

**Page 1 of 2** - ORDER GRANTING DEBTOR'S MOTION FOR ORDER TO EMPLOY TONKON TORP LLP AS ATTORNEYS FOR DEBTOR

Tonkon Torp LLP
888 SW Fifth Ave., Suite 1600
Portland, OR 97204
503.221.1440

Case 19-30223-tmb11    Doc 16    Filed 01/22/19

|   |   |
|---|---|
| 1 | 3. Tonkon Torp's compensation shall be subject to Court approval in |
| 2 | accordance with Sections 330 and 331 of the Bankruptcy Code, the Federal Rules of |
| 3 | Bankruptcy Procedure, and the Local Rules of this Court, including any procedures that may |
| 4 | be established under Local Rule 2016-1. |
| 5 | # # # |
| 6 | I certify that I have complied with the requirements of LBR 9021-1(a). |
| 7 | Presented by: |
| 8 | TONKON TORP LLP |

By _____
    Albert N. Kennedy, OSB No. 821429
    Michael W. Fletcher, OSB No. 010448
    888 S.W. Fifth Avenue, Suite 1600
    Portland, OR 97204-2099
    Telephone:  503-221-1440
    Facsimile:  503-274-8779
    E-mail:     al.kennedy@tonkon.com
                michael.fletcher@tonkon.com
    Attorneys for Debtor

cc:    List of Interested Parties

000646/97204/9657087v1

**Page 2 of 2** -  ORDER GRANTING DEBTOR'S MOTION FOR ORDER TO EMPLOY TONKON TORP LLP AS ATTORNEYS FOR DEBTOR

UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

In re )
**Western Communications, Inc.** ) Case No. **19-30223-tmb11**
)
) RULE 2014 VERIFIED STATEMENT
Debtor(s) ) FOR PROPOSED PROFESSIONAL
**(TONKON TORP LLP)**

**Note:** To file an amended version of this statement per ¶19, file a fully completed amended Rule 2014 statement on LBF #1114 and clearly identify any changes from the previous filed version.

1. The applicant is not a creditor of the debtor except:

**Applicant is not a creditor of the Debtor.**

2. The applicant is not an equity security holder of the debtor.

3. The applicant is not a relative of the individual debtor.

4. The applicant is not a relative of a general partner of the debtor (whether the debtor is an individual, corporation, or partnership).

5. The applicant is not a partnership in which the debtor (as an individual, corporation, or partnership) is a general partner.

6. The applicant is not a general partner of the debtor (whether debtor is an individual, corporation, or partnership).

7. The applicant is not a corporation of which the debtor is a director, officer, or person in control.

8. The applicant is not and was not, within two years before the date of the filing of the petition, a director, officer, or employee of the debtor.

9. The applicant is not a person in control of the debtor.

10. The applicant is not a relative of a director, officer or person in control of the debtor.

11. The applicant is not the managing agent of the debtor.

12. The applicant is not and was not an investment banker for any outstanding security of the debtor; has not been, within three years before the date of the filing of the petition, an investment banker for a security of the debtor, or an attorney for such an investment banker in connection with the offer, sale, or issuance of a security of the debtor; and is not and was not, within two years before the date of the filing of the petition, a director, officer, or employee of such an investment banker.

13. The applicant has read 11 U.S.C. §101(14) and §327, and FRBP 2014(a); and the applicant's firm has no connections with the debtor(s), creditors, any party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee, or any District of Oregon Bankruptcy Judge, except as follows:

**Applicant will supplement this response, if necessary, following completion of Debtor's schedules of assets and liabilities.**

1114 (11/30/09)    Page 1 of 3

14. The applicant has no interest materially adverse to the interest of the estate or of any class of creditors or equity security holders.

15. Describe details of all payments made to you by either the debtor or a third party for any services rendered on the debtor's behalf within a year prior to filing of this case:

**Applicant received the following payments from Debtor in the year prior to filing of this case: $5,000 (8/17/2018) and $470 (10/4/2018). Applicant reversed $14,229.50 on 1/22/2019 for payments received with 90 days prior to the filing of the case - this amount is held in Applicant's trust account. Applicant received a retainer payment from Debtor of $100,000 on 1/14/2019, from which $37,377.50 was applied to current fees and costs incurred prior to the filing of the Petition. The remaining retainer balance of $76,852 (which includes the $14,229.50 in reversed payments) is held in Applicant's trust account.**

16. The debtor has the following affiliates (as defined by 11 U.S.C. §101(2)). Please list and explain the relationship between the debtor and the affiliate:

**The Union Democrat, Inc., a wholly-owned Subchapter S subsidiary.**

17. The applicant is not an affiliate of the debtor.

18. Assuming any affiliate of the debtor is the debtor for purposes of statements 4-13, the statements continue to be true except (list all circumstances under which proposed counsel or counsel's law firm has represented any affiliate during the past 18 months; any position other than legal counsel which proposed counsel holds in either the affiliate, including corporate officer, director, or employee; and any amount owed by the affiliate to proposed counsel or its law firm at the time of filing, and amounts paid within 18 months before filing):

**No exceptions.**

19. The applicant hereby acknowledges that he/she has a duty during the progress of the case to keep the court informed of any change in the statement of facts which appear in this verified statement. In the event that any such changes occur, the applicant immediately shall file with the court an amended verified statement on LBF #1114, with the caption reflecting that it is an amended Rule 2014 statement and any changes clearly identified.

THE FOLLOWING QUESTIONS NEED BE ANSWERED ONLY IF AFFILIATES HAVE BEEN LISTED IN STATEMENT 16.

20. List the name of any affiliate which has ever filed bankruptcy, the filing date, and court where filed:

**No affiliates has ever filed bankruptcy.**

21. List the names of any affiliates which have guaranteed debt of the debtor or whose debt the debtor has guaranteed. Also include the amount of the guarantee, the date of the guarantee, and whether any security interest was given to secure the guarantee. Only name those guarantees now outstanding or outstanding within the last 18 months:

**None.**

22. List the names of any affiliates which have a debtor-creditor relationship with the debtor. Also include the amount and date of the loan, the amount of any repayments on the loan and the security, if any. Only name those loans now outstanding or paid off within the last 18 months:

**None.**

23. List any security interest in any property granted by the debtor to secure any debts of any affiliate not covered in statements 20 and 21. List any security interest in any property granted by the affiliate to secure any debts of the debtor not covered in statements 21 and 22. Also include the collateral, the date and nature of the security interest, the name of the creditor to whom it was granted, and the current balance of the underlying debt:

**To secure certain obligations of Debtor to Bank of America, N.A., The Union Democrat, Inc. granted Bank of America a security interest in certain real property located at 78 and 84 S Washington St., Sonora, CA 95370 and 14989 Camage Ave., Sonora, CA 95370 on March 15, 2005 (modified June 19, 2009). Bank of America assigned this interest to Sandton Credit Solution Master Fund III, LP on 7/11/2016.**

24. List the name of any affiliate who is potentially a "responsible party" for unpaid taxes of the debtor under 26 U.S.C. §6672:

**None.**

I verify that the above statements are true to the extent of my present knowledge and belief.

/s/ Albert N. Kennedy
Applicant
**Albert N. Kennedy Partner
Tonkon Torp LLP**